IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC

2013 NOV -5  A 9 29

| | |
|---|---|
| ALBARR ABDULLAH, a.k.a. Albert Legare, ) )  )  Plaintiff, ) ) v. ) ) KELA THOMAS, Director of SCDPPPS, ) MS. HOUGH, KCI Grievance Coordinator, ) VALERIE SUBER, Parole Exam Manager, ) TOMMY EVANS, SCDPPS Legal Counsel, ) WARDEN REYNOLDS of Kershaw, ) DENNIS PATTERSON, Deputy Director of ) Operation, SGT. WIGGINS, LT. LAWERY,) LT. BOUIE, ) ) Defendants. ) ) ) | No. 2:12-cv-3499-RMG  ORDER |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss certain Defendants from this action, without prejudice and without issuance and service of process. (Dkt. No. 15.) For the reasons set forth below, the Court agrees with and ADOPTS the R&R as the order of the Court.

### Background

Plaintiff filed this § 1983 suit alleging that he was denied a parole hearing and that he was unlawfully punished by being placed in the Special Management Unit (SMU). (Dkt. No. 1 at 3-4.) In response to a letter from Plaintiff, Defendant Tommy Evans, Jr., an attorney at South Carolina Department of Probation, Parole and Pardon Services (SCDPPPS), informed Plaintiff that his parole hearing had been "extended until January 20, 2013." (*Id.* at 3.) Plaintiff "forwarded requests and objections" to Defendant Kela Thomas, Director of SCDPPPS, and

1

Defendant Valerie Suber, Parole Examinations Manger for SCDPPPS. (*Id.*) Plaintiff also alleges that he was improperly placed in SMU, that he filed several grievances concerning this placement and his failure to earn work credits during confinement, and that Ms. Hough, the grievance coordinator, returned some of these grievances unprocessed. (*Id.* at 4-5.)

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to a Magistrate Judge for pretrial proceedings. The Magistrate Judge recommends that Plaintiff's claims against Defendants Kela Thomas, Valerie Suber, Tommy Evans and Ms. Hough be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e); 1915A and that these Defendants be dismissed. (Dkt. No. 15.) The Magistrate Judge also recommends that Plaintiff's claim regarding the denial of an opportunity to earn work credits be summarily dismissed. (*Id.* at 6.) The Magistrate Judge found that Plaintiff's claims against other defendants were sufficient to withstand initial review. (*Id.* at 4.) Plaintiff has not filed objections to the Magistrate Judge's R&R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R&R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200

(4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## Discussion

The Magistrate Judge was correct in finding that the factual allegations in the Complaint do not support Plaintiff's conclusory statement that he was denied a parole hearing. According to the Complaint, Plaintiff has regularly received a parole hearing every two years and had another parole hearing scheduled for January 30, 2013. (Dkt. No. 1 at 3.) While Plaintiff has amended his Complaint with regard to other claims (*see* Dkt. No. 6), he did not amend his complaint after January 30, 2013, to allege that this scheduled parole hearing never took place. Thus, Plaintiff has failed to state a claim regarding denial of a parole hearing and Defendants Thomas, Suber and Evans are dismissed from this action.

The Magistrate Judge also correctly found that inmates have no constitutionally protected right to a grievance procedure. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, Plaintiff has failed to state a claim against Defendant Hough, and she is dismissed from this action.

3

Finally, the Magistrate Judge correctly found that under South Carolina law, "an inmate's loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest." *Howard v. S.C. Dep't of Corr.*, 733 S.E.2d 211, 217 (S.C. 2012). Thus, Plaintiff's claim regarding the denial of an opportunity to earn work credits is dismissed.

### Conclusion

For the reasons set forth above, the R&R (Dkt. No. 15) is ADOPTED in full. Accordingly,

IT IS ORDERED THAT the Complaint and Amended Complaint be dismissed without prejudice and without issuance and service of process as to Defendants Kela Thomas, Valerie Suber, Tommy Evans and Ms. Hough;

IT IS FURTHER ORDERED THAT Plaintiff's claim regarding the denial of an opportunity to earn work credits is DISMISSED.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 5, 2013
Charleston, South Carolina

4